Filed 5/18/15  P. v. Duran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067023 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF32341) |
| DAVID BARBA DURAN, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In May 2014, David Duran was convicted of a lewd act on a child (Pen. Code, § 288, subd. (a)).  Duran was placed on probation on various terms and conditions.  In August 2014 the probation department filed a motion to revoke probation alleging that Duran violated the condition to not have contact with the victim or her family.

In September 2014, Duran waived his right to trial and admitted violation of his probation. Thereafter the court sentenced Duran to the upper term of eight years in prison.

Duran filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Duran the opportunity to file his own brief on appeal but he has not responded.

## STATEMENT OF FACTS

The facts of the underlying offense are not relevant to this appeal. As to the probation revocation, Duran waived his trial rights and admitted he had violated probation. Duran admitted he had been kicked out of his required program. He also admitted he had contacted the victim's mother although he had been instructed by probation not to do so.

At sentencing the trial court reviewed the original probation report and the circumstances underlying the crime and Duran's criminal history. The court found the sentencing factors in aggravation outweighed any mitigating factors and selected the upper term for the offense.

## DISCUSSION

As we have noted, appellate counsel has indicated he has been unable to identify any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California*

2

(1967) 386 U.S. 738 (*Anders*), counsel has identified a possible, but not reasonably arguable issue to assist the court in its review of the record:

Whether the trial court abused its discretion in imposing the upper term of imprisonment?

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not discovered any reasonably arguable issue for reversal on appeal. Competent counsel has represented Duran on this appeal.

DISPOSITION

The judgment is affirmed.

_____
                                                    HUFFMAN, Acting P. J.

WE CONCUR:


_____
                    HALLER, J.


_____
                    McDONALD, J.

3